Filed 7/22/24  P. v. Machuca CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B331430 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA395354) |
| v. | |
| ANTHONY MACHUCA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Anthony Machuca appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and appellant filed a supplemental brief. We review the contentions appellant raises in his supplemental brief and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts presented at appellant's trial are discussed in detail in this court's prior nonpublished opinion, *People v. Machuca* (Feb. 25, 2015, B253171). We briefly discuss them here to provide context for the trial court's ruling. We otherwise do not rely on this factual background in resolving the issues presented in this appeal. (See § 1172.6, subd. (d)(3).)

In November 2012, the People charged appellant with the murder of Jose Carrasco (§ 187, subd. (a)). The information also alleged that appellant personally and intentionally discharged a handgun, which caused great bodily injury and death (§ 12022.53, subds. (b)-(d)) and committed the offense for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)).

The prosecution presented evidence at trial that Carrasco was walking with two other men when appellant approached them from behind, said "Hey," then shot Carrasco. After Carrasco fell, the shooter walked over and fired a second shot at close range. A witness across the street waiting for the bus testified to the incident and identified appellant as the shooter.

In August 2013, the jury found appellant guilty of first degree murder and found true all enhancement allegations. The court sentenced appellant to a total of 50 years to life in prison. A different panel of this division affirmed appellant's conviction. (*People v. Machuca, supra*, B253171).

In October 2022, appellant filed a form petition for resentencing under section 1172.6. The court appointed counsel for appellant. The People opposed the petition, arguing that appellant was ineligible for relief as a matter of law because the jury was not instructed on the theories of natural and probable consequences, felony murder, aiding and abetting, or any theory

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

of imputed malice. The People asserted that instead, the "only legal option for the jury to convict [appellant] was as the actual perpetrator who committed the crime with actual malice." The People attached as exhibits the jury instructions and verdict form from the trial and the opinion from appellant's direct appeal. In reply, appellant filed a "prima facie brief," arguing that the court should not weigh evidence or make credibility determinations at the prima facie stage and that appellant had established a prima facie case.

At the hearing on the petition, defense counsel submitted on the briefs. The superior court found that "based on the jury verdict, instructions—which did not include any vicarious liability allegation, or natural and probable consequences or felony murder—and the jury made a finding that the defendant was the one that personally inflicted the fatal act, so I agree with the People that they have shown as a matter of law that the defendant is ineligible for relief under the statute." The court therefore denied the motion on the grounds that appellant failed to demonstrate prima facie entitlement to relief under section 1172.6.

Appellant timely appealed.

## DISCUSSION

Appellant's appointed attorney filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. This court advised appellant of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and appellant did so. We evaluate the arguments set forth in that supplemental brief. (See *id.* at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Appellant's supplemental brief does not raise any arguments relevant to his section 1172.6 petition for resentencing. Instead, he asserts his innocence and argues that there was insufficient evidence to sustain his murder conviction. None of these arguments establish any error with respect to the trial court's denial of appellant's petition for resentencing at the prima facie stage. We therefore affirm.

**DISPOSITION**

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


CURREY, P.J.


ZUKIN, J.